## THE MANNING MANUFACTURING COMPANY *vs.* A. H. MERRIMAN.

Third Judicial District, New Haven, January Term, 1927.
WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, JS.

The plaintiff sued to recover the purchase price of a bottle-washing machine, $1,500, less the agreed value of a pump, $150, which it had accepted in part payment. By counterclaim, the defendant demanded $1,000 damages for fraud and breach of warranty. The jury found the issues for the plaintiff upon the complaint and for the defendant upon the counterclaim, and that the plaintiff recover $1,500 damages. *Held:*

1. That the failure of the trial court to furnish the jury with an adequate method of determining the amount of damages, should they find the issues upon the counterclaim for the defendant, coupled with the strong suggestion from the verdict itself that the jury had applied incorrect principles of law in this respect, necessitated a new trial.

2. That, in view of the fact that the plaintiff was entitled to recover, if anything, the balance of the purchase price, which exceeded the $1,000 demanded in the counterclaim, it was sufficient to instruct the jury, upon this phase of the case, that the measure of the defendant's damage would be the difference between the actual value of the machine and its value if as represented, and that this sum, provided it did not exceed $1,000, or, in that event, the latter sum, should be deducted from the balance due upon the purchase price, in order to ascertain the amount of the verdict.

3. That even if the evidence disclosed, as the defendant claimed, that his use of the machine for several days after he had notified the defendant of his intention to reject it, was merely for the purpose of mitigating his damage, the omission of the trial court to instruct the jury concerning the effect of this incidental

circumstance upon the issue of acceptance, could not be held reversible error in the absence of a request to charge.

Argued January 26th—decided April 11th, 1927.

ACTION to recover a balance alleged to be due upon the purchase price of a bottle-washing machine sold to the defendant by the plaintiff, brought to the Superior Court in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for the defendant on the counterclaim and for the plaintiff on the complaint for $1,500 damages, and appeal by the defendant. *Error and new trial ordered.*

*James M. Lynch* and *J. Gregory Lynch,* for the appellant (defendant).

*Herman J. Weisman,* for the appellee (plaintiff).

MALTBIE, J.   This action is brought to recover the balance claimed to be due upon the purchase price of an automatic bottle-washing machine, with incidental equipment for its operation.   The whole purchase price was $1,500, in partial payment of which the plaintiff had accepted from the defendant a water-pump at an agreed value of $150.   The defendant pleaded by way of special defense and counterclaim certain representations made to him by the plaintiff, so drawing his pleadings as to base upon those representations both a claim of fraud and one for breach of express warranty.   The trial court submitted both aspects of the case to the jury and they returned a verdict in which they found the issues for the plaintiff upon the complaint and for the defendant upon the counterclaim and found that the plaintiff recover $1,512 damages. The trial court later ordered a *remittitur* of $12, as the complaint claimed only $1,500 damages, and this was filed.

The instructions to the jury as to the method by which they should determine the amount of damages in the event that they found the issues raised by the counterclaim for the defendant, were neither clear nor accurate. No good purpose would be served by analyzing them. No adequate guidance upon this part of the case was afforded to the jury, and that they did not in fact apply correct principles of law is strongly suggested by the verdict, which, while finding the issues upon the counterclaim for the defendant, yet awarded the plaintiff the full amount of the balance due upon the purchase price, with interest to the date of trial. A new trial must be ordered.

The difficulty the trial court found in the situation grew out of an assumed necessity of explaining to the jury how damages were to be assessed according as they found the defendant to be entitled to recover upon his counterclaim more or less than the balance due to the plaintiff upon the purchase price. In fact in the counterclaim only $1,000 damages were claimed. Upon the record it is clear that if the plaintiff was entitled to recover the balance of the purchase price at all, it was entitled to the agreed price of the machine less the agreed value of the pump given in partial payment, that is, $1,350, and consequently there was no possibility of the damages recoverable upon the counterclaim being greater than the balance due upon the purchase price. Upon this phase of the case all that was necessary was an instruction to the jury to the effect that, if they found the defendant entitled to recover damages upon the counterclaim, they should determine the amount of those damages by finding the difference between the value of the machine as delivered and the value it would have had, had it been as represented; *Ford* v. *Dubiskie & Co., Inc.,* 105 Conn.

572, 578, 136 Atl. 560; and that in order to ascertain the amount which the plaintiff was entitled to recover they should then deduct this sum, or, if it exceeded the amount claimed to be due in the counterclaim, $1,000, then the latter sum, from the balance due upon the purchase price of the machine.

One other claim of error demands attention. The claims of the parties as to the facts proven show them to be in substantial agreement that, after several attempts had been made to adjust the machine to avoid objections raised by the defendant as to its manner of operation, he finally notified the plaintiff that he did not want it, but that he did thereafter keep and use it for a time, claimed by the plaintiff to be ten days. The trial court charged the jury quite at length upon the issue whether the defendant had accepted the machine so that he was not in a position to claim a rescission of the contract and would be relegated to the recovery of such damages as he could prove under the counterclaim, and it called special attention in that connection to the use of the machine during the period of attempted adjustment to meet the defendant's objections, and the further use for the period after the defendant notified the plaintiff that he did not want it. No complaint is made of this portion of the charge, but the defendant claims error in the failure of the trial court to further charge that the defendant had the right to use the machine, if necessary, to reduce the damage he would otherwise suffer, pending the arrival of another machine he had ordered. Even under our liberal system of permitting counsel to take exceptions to the charge of the court in the absence of any request, reversible error could hardly have been predicated upon a failure to include so incidental a matter, in the absence of any showing that it was called to the at-

tention of the trial court. *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.*, 102 Conn. 735, 741, 130 Atl. 102. If, however, the evidence did disclose a situation where reasonable prudence upon the part of the defendant, having in mind any harm that might be done to the machine by its use, dictated that, in order to minimize the damages he would suffer, he use the machine during the period that must elapse before he could secure another, and it appeared that he did so use it for that purpose, these circumstances would be relevant upon the issue of his acceptance of the machine, and the trial court, upon having its attention called to them, ought properly to include them in its charge.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.